UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

TROY LEE EDMONDS                                                   PLAINTIFF

v.                                            CIVIL ACTION NO. 4:17-CV-P135-JHM

DAVIESS COUNTY DETENTION CENTER                       DEFENDANT

**MEMORANDUM OPINION AND ORDER**

       Plaintiff Troy Lee Edmonds, an inmate incarcerated at the Daviess County Detention Center (DCDC), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the Court will do the following: (1) dismiss the claims raised in the complaint; (2) dismiss the DCDC; and (3) allow Plaintiff to amend his complaint as to the medical-treatment claim.

**I. SUMMARY OF CLAIMS**

       Plaintiff brings this action against the DCDC and seeks monetary relief. According to Plaintiff, he has asked on multiple occasions to be checked for prostate cancer. However, Plaintiff states that his requests keep getting ignored. Plaintiff states that "[t]hey aren't treating me or/and other inmate fair By denying us medical attention needed." Plaintiff further states that he is housed in a cell built to hold 22 men; however, the cell never has less than 34 people in it, and Plaintiff has to sleep on the floor. Further, Plaintiff states that "they won't work [him]," and he needs to be somewhere where he can work.

## II.  LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  "However, while liberal, this standard of review does require more than the bare assertion of legal conclusions." *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).  The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments

and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  ANALYSIS

#### A.  Overcrowding and Sleeping on the Floor

Plaintiff claims that his rights have been violated because the cell in which he is housed is overcrowded, and he must sleep on the floor.  "[O]vercrowding is not, in itself, a constitutional violation." *Agramonte v. Shartle*, 491 F. App'x 557, 560 (6th Cir. 2012).  "'[E]xtreme deprivations' must be alleged in order to support a prison-overcrowding claim." *Id.* (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)).  If the overcrowding results in the denial of a basic human need, such as food, shelter, or warmth, that would be a constitutional wrong. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  No such circumstance has been alleged here.  Plaintiff does not state that he has not been provided a mattress or mat to sleep on.  His claim appears to be that he must sleep on the floor rather than on an elevated bed since there are not enough elevated beds for the number of inmates housed in the cell.  This allegation does not state a claim of constitutional dimension because a prisoner has no right to sleep on an elevated bed.  *See Sanders v. Kingston*, 53 F. App'x 781, 783 (7th Cir. 2002) ( "We know of no case holding that the Eighth Amendment requires elevated beds for prisoners, and [plaintiff] does not cite one."); *Mann v. Smith*, 796 F.2d 79, 85 (5th Cir. 1986) (The plaintiff "has cited no case holding that the Constitution requires elevated beds for prisoners, and we know of no source for such a right."); *Graves v. Boyd*, No. 5:16-CV-P51-TBR, 2016 WL 4386102, at *5 (W.D. Ky. Aug. 15, 2016) (recognizing that "a prisoner has no constitutional right to sleep on an elevated bed").

There is an additional reason that this claim must be dismissed.  Pursuant to the Prison Litigation Reform Act [PLRA], 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought

by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." Plaintiff has not alleged the commission of a sexual act. He has also not alleged any physical injury in connection with being in an overcrowded cell sleeping on the floor. Without the showing of something more than a *de minimis* physical injury associated with his claim, Plaintiff's claim fails. *See Jarriett v. Wilson*, 162 F. App'x 394, 401 (6th Cir. 2005) (finding *de minimis* injury where a prisoner complained that his legs were swollen, he suffered pain while standing, and he had severe cramps in his thighs when trying to sit); *Jennings v. Mitchell*, 93 F. App'x 723, 725 (6th Cir. 2004) (finding that plaintiff's claim that he was uncomfortable after being sprayed with pepper spray was precluded by 42 U.S.C. § 1997e(e) since he failed to show more than a *de minimis* injury); *Adams v. Rockafellow*, 66 F. App'x 584, 586 (6th Cir. 2003) (affirming the district court's grant of summary judgment in favor of defendant since plaintiff failed to allege any physical injury arising out of the strip searches about which he complained); *Robinson v. Corr. Corp. of Am.*, 14 F. App'x 382, 383 (6th Cir. 2001) (affirming dismissal of claims for "emotional distress, embarrassment, humiliation, and itching" since plaintiff "suffered at most only de minimis physical injury"); *Bey v. Garber*, No. 99-1471, 2000 WL 658721, at *1 (6th Cir. May 12, 2000) (alleged humiliation and embarrassment suffered by inmate seen naked and laughed at by female corrections officers failed to satisfy physical-injury requirement); *Pryor v. Cox*, No. 97-3912, 1999 WL 1253040, at *1 (6th Cir. Dec. 13, 1999) (finding plaintiff's claim of being subjected to bad food, unsanitary conditions, and excessive heat without also claiming he had suffered any physical injury as a result of these conditions was meritless).

For these reasons, this claim will be dismissed for failure to state a claim upon which relief may be granted.

### B. Prison Job

Plaintiff states that "they won't work [him]," and he needs to be somewhere where he can work. A prisoner does not have a constitutional right to a particular job, or to any job at all. *See Rhodes v. Chapman*, 452 U.S. 337, 348 (1981) ("[L]imited work hours . . . do not inflict pain, much less unnecessary and wanton pain; deprivations of this kind simply are not punishments."); *Newsom v. Norris*, 888 F.2d 371, 374 (6th Cir. 1989) ("[T]he Constitution does not create a property or liberty interest in prison employment . . . .") (quotations omitted); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) ("It is well established, however, that no prisoner has a constitutional right to a particular job or to any job.").

Having no constitutional right to a prison job, this claim will be dismissed for failure to state a claim.

### C. Medical Treatment

Plaintiff states that he has requested to be checked for prostate cancer, but his requests keep getting ignored. "Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The DCDC is not a "person" subject to suit; thus, suing Defendant DCDC is also the equivalent of suing Daviess County. *See Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (finding that the jail "is not an entity subject to suit under § 1983"); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (advising that since the county police department is not an entity which may be sued, the county is the proper party); *Bradford v. Hammond*, No. Civ.A.3:05CVP459-H, 2005 WL 2739154, at *2 (W.D. Ky. Oct. 21, 2005) (construing a claim against Louisville Metro Corrections as one brought against Louisville/Jefferson County Metro Government).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). Regarding the second issue, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. at 694; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). The Court will first address the second issue, *i.e.*, whether Daviess County is responsible for the alleged constitutional violations.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor--or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978); *see also Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) ("A municipality may be held liable under § 1983 if the municipality itself caused the constitutional deprivation."). "The 'official policy' requirement was intended to distinguish acts of the *municipality* from acts of *employees* of the municipality,

and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986) (emphasis in original).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. at 694; *Deaton v. Montgomery Cty., Ohio*, 989 F.2d at 889. Simply stated, "a plaintiff must 'identify the policy, connect the policy to the [municipality] itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d at 286 (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

In the instant case, Plaintiff does not allege that a municipal policy or custom of Daviess County resulted in him not being checked for prostate cancer. As nothing in the complaint demonstrates that any purported wrongdoing occurred as a result of a policy or custom implemented or endorsed by Daviess County, the complaint fails to establish a basis of liability against Daviess County, and it fails to state a cognizable § 1983 claim.

Accordingly, the claim against the DCDC involving the alleged lack of medical testing for prostate cancer will be dismissed for failure to state a claim upon which relief may be granted.

"[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]."

7

*LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Rather than dismissing this entire action at this time, the Court will allow Plaintiff an opportunity to amend his complaint as to the medical-treatment claim to name individual Defendants and to describe the facts surrounding how each Defendant allegedly was deliberately indifferent to Plaintiff's serious medical need.

## IV. ORDER

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** as follows: (1) that all of the claims Plaintiff raises in the complaint are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; and (2) there being no remaining claims against the DCDC, the DCDC is **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that within **30 days** from the entry date of this Memorandum Opinion and Order, Plaintiff may file an amended complaint. **Plaintiff shall name as Defendant(s) the individual(s) he alleges were deliberately indifferent to his serious medical need; shall name Defendant(s) in his/their individual capacity; and shall describe the specific facts surrounding how each Defendant allegedly violated his rights**.

The Clerk of Court is **DIRECTED** to place the instant case number and the word "Amended" on a § 1983 complaint form and send it, along with two summons forms, to Plaintiff for his completion.

**Plaintiff is WARNED that should he fail to file an amended complaint within 30 days, the Court will enter an Order dismissing the action for the reasons stated herein**.

Date: January 31, 2018

*[signature]*
**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
　　 Defendant
4414.003

8